GANAHL LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24289.   Promulgated October 28, 1930.

*J. Spencer Wolling, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

## OPINION.

TRUSSELL: We are required in this case to decide upon the method of accounting with reference to losses from bad debts which is properly to be followed for income-tax purposes in computing the net income of the petitioner for the taxable year. Petitioner appears to be a fortunate and well managed concern in that the losses from bad debts are comparatively insignificant. Nevertheless, the parties are in disagreement relative thereto. The record contains no hint that either the actual losses or the amounts of the reserve for bad debts were inaccurate or unreasonable. We are concerned here merely with a question of method of accounting.

Section 234 (a) (5) of the Revenue Act of 1921 provides for an allowance at the discretion of the Commissioner of the deduction of a reserve for bad debts. In administering this provision the Commissioner laid down, in articles 561, 151, and 155 of Regulations 62, rules which permitted for 1921 the use, without express permission and at the election of the taxpayer, of a reserve method of accounting for bad debts regardless of what method had previously been

followed with the stipulation, however, that thereafter the method adopted must be followed consistently unless the permission of the Commissioner was secured for a change of method. For 1921 the petitioner deducted an insignificant amount of actual losses from bad debts. For 1922 the petitioner changed to the reserve method of accounting for bad debts. The first return under this method, that for 1922, showed plainly and specifically ·on its face that the reserve method was followed. The deduction claimed was allowed by the Commissioner after a field investigation. For 1923 the same reserve method of accounting was consistently followed by the petitioner, but the respondent has adjusted the net income to exclude the increase in the reserve and therefore to allow as a deduction only the amount of accounts definitely determined to be worthless within the year. The reason given by the respondent for this action is that permission had not been obtained by the petitioner to change its method of accounting. We think this is clearly a misunderstanding of the true facts. The Commissioner was certainly fully advised in the return of the change of method of accounting adopted in 1922, and, while formal application for his approval does not appear to have been made prior to the filing of the return, that is now of no consequence where it is clearly shown that after a full exposition of the facts the Commissioner saw fit to accept the return and the proposed method of accounting. Cf. *Jonas Cadillac Co.*, 16 B. T. A. 932; affd., 41 Fed. (2d) 141; *Clark Brown Grain Co.*, 18 B. T. A. 937; *Home Ice Cream & Ice Co.*, 19 B. T. A. 762, and the cases therein cited. The situation, as we find it, is that the change to the reserve method of accounting· for bad debts was definitely effected in 1922, and there is no evidence of a subsequent change to some other method. It follows that under the regulations of the Commissioner, and also from the standpoint of clarity, through consistency, in determining net income, the same method should be followed in determining the tax liability of the petitioner for 1923.

The deficiency should be recomputed, allowing the claimed deduction of $2,000, being the increase in the reserve for bad debts, as actually charged off on the books of the petitioner. Due consideration should also be given to an overstatement of net income in the deficiency letter in that the item of $66.35, worthless accounts collected during the year, has been twice added back to income; once by inclusion in the adjustment $851.05, total increase of the bad-debt reserve, and again in the additional adjustment item of $66.35.

*Judgment will be. entered pursuant to Rule 50.*